IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WATERS INDUSTRIES, INC., an Illinois corporation,<br><br>  Plaintiff,<br><br>v.<br><br>TOTES ISOTONER CORPORATION, an Ohio corporation, OUTDOOR CAP CO., INC., an Arkansas corporation, EDDIE BAUER LLC, a Delaware corporation, RECREATIONAL EQUIPMENT, INC., a Washington corporation, and ORCHARD SUPPLY HARDWARE STORES CORPORATION, a Delaware corporation,<br><br>  Defendants. | ) Civil Action No. 1:10-cv-4487<br>)<br>) The Honorable _____<br>)<br>) Magistrate Judge _____<br>)<br>) **COMPLAINT**<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>) |

Plaintiff Waters Industries, Inc. ("Waters Industries") complains against Defendants, totes Isotoner Corporation, Outdoor Cap Co., Inc., Eddie Bauer LLC, Recreational Equipment, Inc., and Orchard Supply Hardware Stores Corporation as follows:

### THE PARTIES

1. Waters Industries is a corporation incorporated under the laws of the State of Illinois with its principal place of business at 213 West Main Street, West Dundee, Illinois. Waters Industries' wholly-owned Panther Vision division designs and sells a variety of hands free LED task lighting products for consumers and businesses, including LED illuminated hats.

2. Upon information and belief, totes Isotoner Corporation ("totes") is a corporation incorporated under the laws of the State of Ohio with its principal place of business at 9655 International Boulevard, Cincinnati, Ohio 45246-5658. Upon information and belief, totes, by itself, and/or through one or more entities owned, controlled or otherwise affiliated with totes, conducts business in Illinois and in this District including, without limitation, by promoting,

distributing and selling a variety of products to various third-parties for resale to consumers through retail stores physically located in this District. The business activities of totes also include promoting, offering for sale and selling products to consumers in Illinois and in this District through its interactive website www.totes-isotoner.com.

3. Upon information and belief, Outdoor Cap Company, Inc. ("Outdoor Cap") is a corporation incorporated under the laws of the State of Arkansas with its principal place of business at 1200 Melissa Drive, Bentonville, Arkansas 72712-6654. Upon information and belief, Outdoor Cap, by itself, and/or through one or more entities owned, controlled or otherwise affiliated with Outdoor Cap, conducts business in Illinois and in this District including, without limitation, by promoting, distributing and selling a variety of products to various third-parties for resale to consumers in this District.

4. Upon information and belief, Eddie Bauer LLC ("Eddie Bauer") is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 10401 N.E. 8th Street, Bellevue, Washington, 98004. Upon information and belief, Eddie Bauer, by itself, and/or through one or more entities owned, controlled or otherwise affiliated with Eddie Bauer, conducts business in Illinois and in this District including, without limitation, by promoting, distributing and selling a variety of products to consumers through retail stores physically located in this District. According to the website www.eddiebauer.com, Eddie Bauer operates fifteen retail stores within a 100 mile radius of Chicago, Illinois, including thirteen stores in this District. The business activities of Eddie Bauer also include promoting, offering for sale and selling products to consumers in Illinois and in this District through its interactive website (www.eddiebauer.com).

5. Upon information and belief, Recreational Equipment, Inc. ("REI") is a corporation incorporated under the laws of the State of Washington with its principal place of

business at 6750 S. 228th Street, Kent, Washington 98032. Upon information and belief, REI, by itself, and/or through one or more entities owned, controlled or otherwise affiliated with REI, conducts business in Illinois and in this District including, without limitation, by promoting, distributing and selling a variety of products through retail stores physically located in this District. According to the website www.rei.com, REI operates five retail stores within a 100 mile radius of Chicago, Illinois, including four in this District. The business activities of REI also include promoting, offering for sale and selling products to consumers in Illinois and in this District through its interactive website www.rei.com.

6.  Upon information and belief, Orchard Supply Hardware Stores Corporation ("Orchard Supply") is a corporation incorporated under the laws of the State of Delaware having a principal place of business at 6450 Via Del Oro, San Jose, California 95119 and additional offices at business at 3333 Beverly Road, Hoffman Estates, IL 60179. Upon information and belief, Orchard Supply, by itself, and/or through one or more entities owned, controlled or otherwise affiliated with Orchard Supply, promotes, offers for sale and sells products to consumers in Illinois and in this District through its interactive website www.osh.com.

### JURISDICTION AND VENUE

7.  This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.  Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because each Defendant is subject to personal jurisdiction in this District, has regularly conducted business in this District directly, and/or through one or more resellers, and/or has committed acts of infringement in this District.

**FIRST CAUSE OF ACTION – INFRINGEMENT OF '547 PATENT**

9. On July 13, 2010, U.S. Patent No. 7,753,547 ("the '547 patent") entitled, "LIGHTED HEADWEAR WITH BRIM SLEEVE" was duly and legally issued to Michael Waters on an application filed on January 30, 2009. Waters Industries currently owns all right, title and interest in and to the '547 patent. A copy of the '547 patent is appended as Exhibit A.

10. totes, by itself, and through its subsidiaries, affiliates, and/or agents has been, and is, infringing the '547 patent by making, using, offering to sell, selling and/or importing lighted headwear incorporating the inventions patented in the '547 patent within the United States and within this District; and by contributing to the infringement by others and/or by inducing others to infringe the '547 patent. totes' infringing products include the LED illuminated caps with protective switch guard shown in the attached Exhibit B, which have been marketed as the NIGHTLIGHTER hats. Unless enjoined by the Court, totes will continue to infringe, contribute to the infringement of and/or induce the infringement of the '547 patent.

11. Outdoor Cap, by itself, and through its subsidiaries, affiliates, and/or agents has been, and is, infringing the '547 patent by making, using, offering to sell, selling and/or importing lighted headwear incorporating the inventions patented in the '547 patent within the United States and within this District; and by contributing to the infringement by others and/or by inducing others to infringe the '547 patent. Outdoor Cap's infringing products include the LED illuminated caps with protective switch guard shown in the attached Exhibit C, which have been marketed as HIBEAM caps. Unless enjoined by the Court, Outdoor Cap will continue to infringe, contribute to the infringement of and/or induce the infringement of the '547 patent.

12. Eddie Bauer, by itself, and through its subsidiaries, affiliates, and/or agents has been, and is, infringing the '547 patent by making, using, offering to sell, selling and/or importing lighted headwear incorporating the inventions patented in the '547 patent within the

United States and within this District; and by contributing to the infringement by others and/or by inducing others to infringe the '547 patent. Eddie Bauer's infringing products include the LED illuminated caps with protective switch guard shown in the attached Exhibit D. Unless enjoined by the Court, Eddie Bauer will continue to infringe, contribute to the infringement of and/or induce the infringement of the '547 patent.

13. REI, by itself, and through its subsidiaries, affiliates, and/or agents has been, and is, infringing the '547 patent by making, using, offering to sell, selling and/or importing lighted headwear incorporating the inventions patented in the '547 patent within the United States and within this District; and by contributing to the infringement by others and/or by inducing others to infringe the '547 patent. REI's infringing products include the LED illuminated caps with protective switch guard shown in the attached Exhibit E, which have been marketed under the name LED TRAIL CAP. Unless enjoined by the Court, REI will continue to infringe, contribute to the infringement of and/or induce the infringement of the '547 patent.

14. Orchard Supply, by itself, and through its subsidiaries, affiliates, and/or agents has been, and is, infringing the '547 patent by making, using, offering to sell, selling and/or importing lighted headwear incorporating the inventions patented in the '547 patent within the United States and within this District; and by contributing to the infringement by others and/or by inducing others to infringe the '547 patent. Orchard Supply's infringing products include the LED illuminated caps with protective switch guard marketed as the NIGHTLIGHTER hats as discussed above in reference to Defendant totes and as shown in the attached Exhibit B. Unless enjoined by the Court, Orchard Supply will continue to infringe, contribute to the infringement of and/or induce the infringement of the '547 patent.

15. Each Defendant's direct infringement of the '547 patent, and/or inducement of or contribution to the infringement of others, has injured Waters Industries, and Waters Industries is

entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

16. The infringement by each Defendant will continue to injure Waters Industries unless the Court enters an injunction prohibiting further infringement of the '547 patent.

### PRAYER FOR RELIEF

WHEREFORE, Waters Industries prays for:

1. Judgment that the '547 patent is valid, enforceable, and infringed by each Defendant;

2. A preliminary and permanent injunction enjoining each Defendant, its officers, agents, servants, employees, subsidiaries and affiliated companies, and those persons acting in active concert or participation therewith, from engaging in the aforesaid unlawful acts of patent infringement;

3. An award of damages arising out of each Defendant's acts of patent infringement, together with pre-judgment and post-judgment interest;

4. An award of Waters Industries' attorneys' fees, costs and expenses incurred in this action in accordance with 35 U.S.C. § 285; and

5. Such other and further relief as the Court may deem just and proper.

<u>**JURY DEMAND**</u>

Waters Industries demands trial by jury of all issues triable of right by a jury.

Respectfully submitted,

Date: <u>July 19, 2010</u>  /s/Timothy P. Maloney
Timothy P. Maloney
Steven C. Schroer
Mark A. Borsos
Calista J. Mitchell
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 577-7000
Facsimile: (312) 577-7007

Vance L. Liebman
Glenn A. Rice
Funkhouser Vegosen Liebman & Dunn Ltd.
55 West Monroe, Suite 2300
Chicago, IL 60603
Telephone: (312) 701-6800
Facsimile: (312)701-6801

***Counsel for Plaintiff, Waters Industries, Inc.***